UNITED STATES DISTRICT COURT
NORTHERNDISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| CHARLES CARTER PARKS )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>FIRST RATE TOWING, LLC. a )<br>Domestic Limited Liability Company; )<br>and CAREY CURRY, an individual, )<br>)<br>    Defendants. ) | Civil Action Number:<br><br>FLSA Action<br><br>Jury Trial Demanded |

## FIRST AMENDED FLSA COMPLAINT

COMES NOW Plaintiff Charles Carter Parks (hereinafter "Plaintiff") by and through his undersigned counsel, and files this FIRST AMENDED lawsuit against Defendants FIRST RATE TOWING, LLC ("First Rate"), and Carey Curry ("Curry") (hereinafter collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the minimum wage and overtime provisions of the FLSA by Defendants which have deprived Plaintiff, of his lawful minimum hourly and

4

overtime wages during the approximate period between December 2017 and September 2018.

2. Plaintiff was employed by Defendants, doing wrecker/towing service and general automobile maintenance and repair related work from Defendants' operation located at 1348 Meriwether Street, Griffin, Georgia 30224 (hereinafter "Defendants' Griffin Location").

3. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at least minimum wage for a commission only employee for all hours worked and by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek possibly primarily as a result of Defendants illegally classifying Plaintiff as an independent contractor and paying him on a commission percentage basis.

4. Plaintiff seeks unpaid minimum hourly wage for a commission only employee and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C.

§ 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Milner, Georgia (within the Federal Middle District of Georgia) and is a citizen of the United States. Plaintiff was employed by Defendants at Defendants' Griffin Location, from on or about March, 2018 until on or about September 7, 2018 primarily performing wrecker/towing service and general automobile maintenance and repair related work.

8. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.

9. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendants.

10. Defendant First Rate Towing, LLC is a domestic limited liability company formed under the laws of the State of Georgia and owns and operates a wrecker/towing service and general automobile maintenance and repair and collision center business in Griffin, Georgia.

11. Defendant Curry, upon information is the owner/operator of Defendant First Rate.

4

12. Defendants conduct business within this State and District.

13. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Griffin Location, including the employment and pay and other practices of that operation.

14. Defendant First Rate is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Monica Rae Curry, 10 Liberty Hill, Griffin, Georgia 30224.

15. Defendant Curry is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Curry personally at Defendants' Griffin Location.

16. At all times material to this action, Defendant First Rate was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

17. At all times material to this action Plaintiff was engaged in commerce or in the production of goods for commerce.

18. At all times material to this action, Defendant First Rate was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

19. Upon information and belief, at all times material to this action, Defendant Curry was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

20. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants, including the hourly rate for commission only employees.

21. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

22. Defendants hired Plaintiff to provide wrecker/towing service and general automobile maintenance and repair related work to Defendants' clients.

23. Defendant Curry was in charge of all of the individuals, including Plaintiff, who did wrecker/towing service and general automobile maintenance and repair related work to Defendants' clients.

24. Plaintiff reported directly to Defendant Curry.

25. Defendants provided Plaintiff with a tow truck for use in his employment and agreed to the use of this employer-provided vehicle for commuting to and from work, at the beginning and end of the workday.

26. Plaintiff was required to work a set schedule which schedule was set by Defendant Curry and required Plaintiff to work in excess of forty (40) hours a week.

27. Defendants required Plaintiff to utilize the tow truck that they provided.

28. Defendants required Plaintiff to accept all work assignments they made

to him.

29. Defendants did not allow Plaintiff to reject any work assignments made to him by Defendants.

30. At all times relevant to this action, Defendants regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

31. At all times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

32. At all time relevant to this action, Defendants required Plaintiff to be on call 24 hours a day 7 days a week.

33. At all times relevant to this action, Defendants required Plaintiff to be on call 24 hours a day 7 days a week to provide wrecker/towing services utilizing the Defendants' tow truck provided to Plaintiff.

34. Defendants paid Plaintiff on a commission only basis.

35. Plaintiff was a nonexempt employee of Defendants and was not paid overtime wages for weeks in which he worked more than forty hours.

36. At all times relevant to this action, Plaintiff's hourly wages were less than the federal minimum hourly wage for commission only employees.

37. Plaintiff's regular rate of pay during his employment with Defendants was not in excess of one and one-half times the minimum hourly rate.

38. Defendants failed to meet the requirements for paying Plaintiff

minimum wage for commission only employees for all hours worked as required under the requirements of the FLSA, 29 U.S.C. §§ 203 and 206.

39.　Defendants are liable to Plaintiff for compensation for all time worked in which he was paid at a rate of pay less than the federal minimum hourly wage rate for commission only employees.

40.　At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

41.　Defendants determined the nature of the work Plaintiff was to perform, and maintained complete control over the manner in which the work was to be performed.

42.　The Plaintiff's opportunity for profit or loss was non-existent.

43.　The Plaintiff's investment in equipment or materials if any was immaterial compared with Defendants' investment in the tow truck it required Plaintiff use for his tasks.

44.　The services rendered by Plaintiff to the clients of Defendants did not require a special skill.

45.　There was a high degree of permanency and duration of the working relationship between the Defendants and Plaintiff.

46.　Plaintiff was economically dependent upon his job with Defendants.

47.　Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29

U.S.C. §§ 207 or 213 with respect to Plaintiff.

48. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times minimum wage at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

49. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

50. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

51. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

52. Plaintiff demands a jury trial.

## COUNT I

53. Plaintiff repeats and incorporates by reference paragraphs 1-52 herein.

54. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203 and 206 of the FLSA and in accordance with a commission

only employee.

55. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA and in accordance with a commission only employee.

56. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

57. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage compensation in accordance with a commission only employee in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post- judgment interest, attorneys' fees, costs and other relief.

## COUNT II

58. Plaintiff repeats and incorporates by reference paragraphs 1-57 herein.

59. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

60. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation in an amount required by law.

61. As a result of Defendants' violations of the FLSA, Plaintiff, has suffered damages by failing to receive an overtime rate as required by law in

accordance with §§ 203 and 207 of the FLSA.

62. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

63. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in amounts required by in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation totaling $17,017.81 (minimum wages of $6,317.59 plus overtime wages of $10,700.22), plus an equal amount(s) of liquidated damages; (see Exhibit A hereto)

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 12th day of October, 2018.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberly martinlaw@.gmail.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267

# UNITED STATES DISTRICT COURT
# NORTHERNDISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| CHARLES CARTER PARKS | ) |
| | ) Civil Action Number: |
| Plaintiff | ) 3:18-cv-00107 |
| | ) FLSA Action |
| v. | ) |
| | ) |
| FIRST RATE TOWING, LLC. a | ) |
| Domestic Limited Liability Company; | ) |
| and CAREY CURRY, an individual, | ) |
| | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Plaintiff's FIRST AMENDED COMPLAINT on all counsel of record via CE/ECF electronic notification.

And in addition I hereby certify that I emailed this date a copy of the foregoing Plaintiff's upon Defendant's Counsel addressed as follows:

BECK, OWEN & MURRAY
Attorneys for Defendants
/s/ Karl P. Broder
Karl P. Broder
Georgia State Bar No. 185273
100 South Hill Street
Suite 600
Griffin GA 30223
Telephone: (770) 227-4000
Facsimile: (770) 229-8524
**Email: kbroder@beckowen.com**

11

This 12th day of October, 2018.            <u>/s/Thomas F. Martin</u>
                                                                                Thomas F. Martin