IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

|  |  |  |
|---|---|---|
|  | X |  |
| **CHARLES CARTER PARK,** | X |  |
|  | X | Case No.: 3:18-CV-107-TCB |
| **Plaintiff,** |  |  |
|  | X |  |
| v. |  |  |
|  | X |  |
| **FIRST RATE TOWING, LLC, and CAREY CURRY.** | X |  |
|  | X |  |
| **Defendants,** | X |  |

**ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED FLSA COMPLAINT**

COME NOW, First Rate Towing, LLC ("First Rate") and Carey Curry ("Curry"), Defendants in the above-styled action, and respond to Plaintiff's First Amended FLSA Complaint by showing the Court the following:

**ANSWER TO COMPLAINT**

In response to the numbered paragraphs of the First Amended FLSA Complaint (hereinafter, the "Complaint"), Defendants respond as follows:

1

1.

Paragraph 1 of the Complaint contains a description of Plaintiff's action under the Fair Labor Standards Act, as amended, (29 U.S.C. § 201 et seq.) (hereinafter "the FLSA"). As such, the Paragraph requires neither admission nor denial. To the extent said Paragraph alleges and/or implies that Defendants engaged in any unlawful conduct, however, such allegations and/or implications are expressly denied.

2.

In response to Paragraph 2 of the Complaint, Defendants admit that Plaintiff performed wrecking and towing services on behalf of First Rate, whose address is 1348 Meriwether Street, Griffin, Georgia 30224. Defendants deny the remaining allegations as stated in Paragraph 2 of the Complaint.

3.

Defendants deny the allegations as stated in Paragraph 3 of the Complaint.

4.

Paragraph 4 of Plaintiff's Complaint contains a description of relief sought by Plaintiff. As such, the Paragraph requires neither admission nor denial. To the extent said Paragraph alleges and/or implies that Plaintiff is entitled to any damages or other relief against Defendants, such allegations and/or implications are expressly denied.

5.

Defendants admit that this Court has subject matter jurisdiction over this action.

6.

Defendants admit that venue is proper in this Court.

7.

In response to Paragraph 7 of Plaintiff's Complaint, Defendants admit that Plaintiff is a resident of Milner, Georgia and that he is a citizen of the United States. Defendants further admit that Plaintiff performed wrecker and towing services on behalf of First Rate from March 2018 until September 7, 2018, and further state that Parks employment began on or about February 7, 2018. Defendants deny the remaining allegations as stated in Paragraph 7 of the Complaint.

8.

Defendants admit that any work performed on behalf of First Rate, if any, was within the territory of the United States, but deny the remaining allegations as stated in Paragraph 8 of the Complaint.

9.

Defendants deny the allegations as stated in Paragraph 9 of the Complaint.

10.

In response to Paragraph 10 of the Complaint, Defendants admit that it is a domestic limited liability company formed under the laws of the State of Georgia and owns and operates a wrecker/towing service. Defendants deny the remaining allegations as stated in Paragraph 10 of the Complaint.

11.

Defendants admit that Curry has an ownership interest and operates First Rate, but deny the remaining allegations as stated in Paragraph 11 of the Complaint.

12.

Defendants admit the allegations in Paragraph 12 of the Complaint.

13.

Defendants admit the allegations in Paragraph 13 of the Complaint.

14.

Defendants admit the allegations in Paragraph 14 of the Complaint.

15.

Defendants admit the allegations in Paragraph 15 of the Complaint.

16.

Defendants deny the allegations as stated in Paragraph 16 of the Complaint.

17.

Defendants deny the allegations as stated in Paragraph 17 of the Complaint.

18.

Defendants deny the allegation as stated in Paragraph 18 of the Complaint.

19.

Defendants deny the allegation as stated in Paragraph 19 of the Complaint.

20.

Defendants deny the allegations as stated in Paragraph 20 of the Complaint.

21.

Defendants deny the allegations as stated in Paragraph 21 of the Complaint.

22.

Defendants admit hiring Plaintiff to provide wrecker and towing services to clients supplied by First Rate.

23.

Defendants admit that Curry was responsible for determining who was given the opportunity to perform wrecker and towing services for Defendants' clients. Defendants deny the remaining allegations as stated in Paragraph 23 of the Complaint.

24.

Defendants admit that Plaintiff reported to Curry.

25.

In response to Paragraph 25, Defendants admit that Plaintiff was allowed to use a tow truck as part of his employment, and that Plaintiff was authorized to remove the truck from First Rate's premises.  Defendants deny the remaining allegation as stated in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations as stated in Paragraph 26 of the Complaint

27.

Defendants admit that First Rate provided Plaintiff with a tow truck to provide wrecker and towing services to clients supplied by First rate.

28.

Defendants deny the allegations as stated in Paragraph 28 of the Complaint.

29.

Defendants deny the allegations as stated in Paragraph 29 of the Complaint.

30.

Defendants deny the allegations as stated in Paragraph 30 of the Complaint.

31.

Defendants deny the allegations as stated in Paragraph 31 of the Complaint.

32.

Defendants deny the allegations as stated in Paragraph 32 of the Complaint.

33.

Defendants deny the allegations as stated in Paragraph 33 of the Complaint.

34.

Defendants admit that they paid Plaintiff on a commission basis.

35.

Defendants deny the allegations as stated in Paragraph 35 of the Complaint.

36.

Defendants deny the allegations as stated in Paragraph 36 of the Complaint.

37.

Defendants deny the allegations as stated in Paragraph 37 of the Complaint.

38.

Defendants deny the allegations as stated in Paragraph 38 of the Complaint.

39.

Defendants deny the allegations as stated in Paragraph 39 of the Complaint.

40.

Defendants deny the allegations as stated in Paragraph 40 of the Complaint.

41.

Defendants deny the allegations as stated in Paragraph 41 of the Complaint.

42.

Defendants deny the allegations as stated in Paragraph 42 of the Complaint.

43.

Defendants admit that Plaintiff made no investment in equipment or materials that he would have used to perform towing and wrecker activities, and deny the remaining allegations as stated in Paragraph 43 of the Complaint.

44.

Defendants deny the allegation as stated in Paragraph 44 of the Complaint.

45.

Defendants deny the allegations as stated in Paragraph 45 of the Complaint.

46.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint, and, therefore, said allegations are denied.

47.

Defendants deny the allegations as stated in Paragraph 47 of the Complaint.

48.

Defendants deny the allegations as stated in Paragraph 48 of the Complaint.

49.

Defendants deny the allegations as stated in Paragraph 49 of the Complaint.

50.

Defendants deny the allegations as stated in Paragraph 50 of the Complaint.

51.

Defendants deny the allegations as stated in Paragraph 51 of the Complaint.

52.

Paragraph 52 states a demand for a jury trial.  As such, no admission or denial is required.  To the extent an admission or denial is required, said allegation is denied.

## COUNT I

53.

Defendants reallege and reincorporate the responses to Paragraphs 1 through 52 as if fully set forth herein.

54.

Defendants deny the allegations as stated in Paragraph 54 of the Complaint.

55.

Defendants deny the allegations as stated in Paragraph 55 of the Complaint.

56.

Defendants deny the allegations as stated in Paragraph 56 of the Complaint.

57.

Defendants deny the allegations as stated in Paragraph 57 of the Complaint.

## COUNT II

58.

Defendants reallege and reincorporate the responses to Paragraphs 1 through 57 as if fully set forth herein.

59.

Defendants deny the allegations as stated in Paragraph 59 of the Complaint.

60.

Defendants deny the allegations as stated in Paragraph 60 of the Complaint.

61.

Defendants deny the allegations as stated in Paragraph 61 of the Complaint.

62.

Defendants deny the allegations as stated in Paragraph 62 of the Complaint.

63.

Defendants deny the allegations as stated in Paragraph 63 of the Complaint.

64.

In response to the unnumbered paragraph titled "Prayer for Relief," Defendants deny that Plaintiff is entitled to any of the enumerated relief sought, including the amounts claimed in Subparagraph "A" and the Exhibit A attached to Plaintiff's Complaint.

## DEFENSES

### FIRST DEFENSE

Some or all of the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

Any claim for liquidated damages under the FLSA is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, 260, as Defendants were at all

times acting in good faith and had reasonable grounds for belief that their actions were not in violation of the FLSA.

## FOURTH DEFENSE

Any claim for overtime liability and liquidated damages under the FLSA is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259 and 29 U.S.C. § 260, as Defendants were at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practices or policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff is exempt from overtime requirements of the FLSA, 29 U.S.C. § 201, et seq., pursuant to the exemptions set forth therein, including, but not limited to, the exemptions set forth in 29 U.S.C. § 213(a).

## SIXTH DEFENSE

Plaintiff is precluded from recovering any amounts from Defendants because Defendants have paid Plaintiff all sums legally due, if any, under the FLSA.

### SEVENTH DEFENSE

If Plaintiff is able to establish that he worked in excess of 40-hours per work, such activity was without the knowledge and contrary to the instructions of Defendants. Plaintiff, therefore, is equitable estopped from asserting a claim that was created, if at all, by his own actions.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### NINTH DEFENSE

Subject to proof through discovery, some or all of Plaintiff's claims are barred by the doctrine of laches and/or waiver.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent, investigate, and promptly correct any violations of law or their payroll policies, and Plaintiff unreasonably failed to avail himself of these preventative and corrective opportunities or otherwise to avoid harm.

### ELEVENTH DEFENSE

Defendants state, in the alternative if necessary, that part or all of any time for which Plaintiff alleges he should be compensated is properly deemed preliminary or

postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and is therefore not compensable.

## TWELFTH DEFENSE

Defendants state, in the alternative if necessary, that if, in fact, they had failed to pay Plaintiff for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis* and therefore not recoverable.

## THIRTEENTH DEFENSE

To the extent that Plaintiff has sustained any damages, although such is specifically denied, Defendants are entitled to offset all obligations of the Plaintiff under the equitable doctrine of set-off and recoupment against any judgment that may be entered against Defendants.

## FOURTEENTH DEFENSE

Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations.

## FIFTEENTH DEFENSE

Subject to proof through discovery, Plaintiff failed to mitigate his damages.

## SIXTEENTH DEFENSE

Subject to proof through discovery, some or all of the claims purported to be brought in this action are barred by the doctrine of accord and satisfaction.

## SEVENTEENTH DEFENSE

This Court lacks jurisdiction under the FLSA because there is neither individual nor enterprise coverage.

## EIGHTEENTH DEFENSE

Plaintiff is exempt from coverage under the Motor Carrier Act Exemption set forth in Section 213(b)(1) of the FLSA.

## NINETEENTH DEFENSE

Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

WHEREFORE, Defendants demand judgment against Plaintiff in its favor:

(i) Denying all claims for relief that Plaintiff asserts;

(ii) Denying Plaintiff's request for an award of liquidated damages;

(iii) Denying Plaintiff's request for an award of attorneys' fees;

(iv) Denying Plaintiff's request for an award of costs of suit;

(v) Denying Plaintiff's request for "other relief";

(vi) Dismissing the Complaint against Defendants on the merits, with prejudice, and in its entirety;

(vii) Awarding Defendants their costs and disbursements, including reasonable attorneys' fees incurred it his action;

(viii) Demand for a trial by jury; and

(ix) Granting Defendants such other and further relief as this Court may deem just and proper.

(signature appears on following page)

This 26th day of October, 2018.

                                   BECK, OWEN & MURRAY
                                   Attorneys for Defendants

                                   /s/ Karl P. Broder
                                   Karl P. Broder
                                   Georgia State Bar No. 185273

100 South Hill Street
Suite 600
Griffin GA  30223
Telephone:  (770) 227-4000
Facsimile:  (770) 229-8524
Email:       kbroder@beckowen.com

CERTIFICATE OF SERVICE

I hereby certify that I have this day served counsel in the above-captioned case listed below, with a copy of the foregoing pleading through the Court's EM/ECF system, which acts as service upon Plaintiff:

Thomas F. Martin<br>
Kimberly N. Martin<br>
MARTIN & MARTIN, LLP<br>
PO Box 1070<br>
Tucker, Georgia 30085-1070<br>
tfmartinlaw@msn.com<br>
kimberly_martinlaw@gmail.com

This 26th day of October, 2018.

                                                  BECK, OWEN & MURRAY
                                                Attorneys for Defendants

                                                /s/ Karl P. Broder
                                                Karl P. Broder
                                                Georgia State Bar No. 185273

100 South Hill Street
Suite 600
Griffin GA  30223
Telephone:  (770) 227-4000
Facsimile:  (770) 229-8524
Email:      kbroder@beckowen.com